# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **GARY SHORTT,** | ) | |
| Petitioner, | ) ) ) | Case No. 7:16CV00017 |
| v. | ) ) ) | **OPINION** |
| **DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS,** | ) ) ) ) | By: James P. Jones United States District Judge |
| Respondent. | ) | |

*Gary Shortt, Pro Se Petitioner; Eugene Murphy, Senior Assistant Attorney General, Richmond, Virginia, for Respondent.*

In this pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, the petitioner Gary Shortt, a Virginia inmate, contends that his due process rights were violated in connection with a state probation revocation proceeding. After review of the record, I conclude that the respondent's Motion to Dismiss must be granted, because Shortt's petition is untimely filed, procedurally barred, and without merit.

## I. Background.

As a result of convictions in the Tazewell County Circuit Court in 1998 and 1999, Shortt incurred a lengthy suspended sentence. Probation Officer John Flynn wrote the state circuit judge, Donald Mullins, on January 27, 2000, requesting a probation revocation hearing because Shortt had failed drug tests, failed to

maintain his employment, failed to notify his probation officer of his failure to maintain employment, and left the state of Virginia without permission. Judge Mullins approved the request. On July 26, 2000, authorities arrested Shortt and committed him to the Tazewell County jail. On August 18, 2000, attorney Shea Cook was appointed as counsel for the probation revocation hearing. The probation revocation hearing was originally set for August 29, 2000, but was continued. Before the revocation hearing was held, however, a Tazewell County grand jury indicted Shortt on multiple new felony counts. Attorney Rich Patterson was appointed to represent Shortt on the new charges, and on February 23, 2001, Shortt pleaded guilty to robbery, use of a firearm in a robbery, forty-nine counts of forgery, and two counts of grand larceny. Sentencing was scheduled for June 26, 2001.

Sentencing on the forgery, robbery, and grand larceny charges took place as scheduled, with Judge Mullins presiding and Patterson as Shortt's counsel.[1] On the same day, the court also held Shortt's probation revocation hearing; however, Shortt's probation revocation counsel (Cook) was not notified. Instead, Patterson appeared on Shortt's behalf in both the sentencing and the probation revocation hearings. Judge Mullins found Shortt guilty of violating the terms and conditions

---

[1] Shortt referred to conflicting sentencing dates in his habeas petition, including July 16, 2001 and July 26, 2001. According to the Supreme Court of Virginia, the sentencing and probation revocation hearing occurred on June 26, 2001.

of his probation and revoked Shortt's suspended sentences. Shortly after the hearing, Judge Mullins retired from office without entering any written orders.

On December 10, 2001, Circuit Judge Charles Smith entered a formal probation revocation order. On April 12, 2002, Circuit Judge Michael Moore entered an amended order of probation revocation that was made nunc pro tunc to December 10, 2001. Judge Moore's amendment included the indictment numbers for the suspended sentences, which Judge Smith had failed to include in his December 10, 2001 order.

Shortt, through counsel, filed a petition for a writ of habeas corpus in the Tazewell County Circuit Court on November 4, 2003. On October 5, 2009, the court granted habeas relief on two of the nine claims that he raised: the court corrected an improper determination of credit for time served and allowed a delayed appeal of the probation revocation judgment. On March 30, 2010, Shortt appealed to the Supreme Court of Virginia regarding his seven dismissed habeas claims, but the court dismissed the petition for appeal on December 10, 2010, as not timely filed.

Shortt filed a belated direct appeal of the probation revocation judgment to the Court of Appeals of Virginia, which the court denied on October 26, 2011. Shortt then filed an appeal to the Supreme Court of Virginia, but the court refused the appeal on April 4, 2012.

On January 19, 2016, Shortt filed a Petition for a Writ of Habeas Corpus in this court, asserting the following due process claims:

- A. He had no notice of the probation revocation hearing;
- B. His counsel for the probation revocation hearing was not present;
- C. No specific finding was made of which condition of probation was violated;
- D. The revocation orders were entered by a judge different from the one who made the revocation determination.

Pet'r's Br. 3, ECF No. 1. Respondent moves to dismiss Shortt's habeas claims as untimely, procedurally barred, and without merit, and Shortt has responded to the motion.

## II. Statute of Limitations.

Shortt's § 2254 petition is barred as untimely by Section 101 of the Antiterrorism and the Effective Death Penalty Act of 1996 ("AEDPA"), which requires a state prisoner to file his petition for a writ of habeas corpus within one year of completion of the state's direct review process, subject to tolling while any properly filed state collateral review proceeding is pending. 28 U.S.C. § 2244. Shortt's direct review process ended when the Supreme Court of Virginia denied his appeal on April 4, 2012. Shortt's conviction became final ninety-one days later on July 4, 2012, when Shortt failed to file a writ of certiorari to the Supreme Court

of the United States.[2]  Therefore, Shortt's federal habeas filing deadline was July 4, 2013.[3]  Shortt failed to file this § 2254 petition until January 19, 2016, more than two years after the statute of limitations for federal habeas had expired.

The AEDPA statute of limitations "does not set forth 'an inflexible rule requiring dismissal whenever' its 'clock has run.'"  *Holland v. Florida*, 560 U.S. 631, 645 (2010) (quoting *Day v. McDonough*, 547 U.S. 198, 208 (2006)).  Instead, "a 'petitioner' is 'entitled to equitable tolling' if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  "[U]nprofessional attorney conduct may, in certain circumstances, prove 'egregious' and can be 'extraordinary,'" but "'a garden variety claim of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling."  *Id.* at 651-52 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)) (internal citations omitted).  Generally, "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling,

---

[2] *See* Sup. Ct. R. 13(1) ("[A] petition for a writ of certiorari to review a judgment in any case . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.); *Clay v. United States*, 537 U.S. 522 (2003).

[3] The one-year period of limitation runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Shortt's state habeas proceedings concluded in 2010, and thus had no bearing on his filing deadline.

particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence*, 549 U.S. at 336-37.

Shortt argued that the time bar should not apply because counsel misled him into believing that counsel's representation would continue to the federal courts. However, Shortt's attorney retainer agreement specifically states that representation would be for (1) a Tazewell County Circuit Court state habeas petition and (2) a petition for a delayed appeal from the final judgment of probation violation. Counsel performed both tasks required by the retainer agreement. Shortt has offered no evidence beyond conclusory statements of ineffective assistance,[4] and although counsel admittedly failed to properly file Shortt's state habeas appeal in the Supreme Court of Virginia, Shortt cannot prove that the mistake was egregious or extraordinary. Counsel communicated that the appeal process that he had agreed to undertake was exhausted, that he would continue to pursue alternative relief, including the Governor's Office. Therefore, any mistake made does not reach the extraordinary level required for equitable tolling.

---

[4] "[T]he attorney during the initial state proceedings misled me . . . and it wasn't until after I discovered that his representation did not go to the federal courts as I was led to believe, [and therefore] I should be excused from the time constraint." Pet'r's Reply to Mot. to Dismiss 4-5, ECF No. 11.

Regardless, Shortt has not shown that he diligently pursued his rights. According to Shortt's petition, he did not follow up with his postconviction attorney until November 16, 2014. If Shortt had acted sooner, he would have discovered that the deadline for filing a federal habeas petition had passed more than a year before.

### III. Exhaustion and Procedural Default.

To obtain federal habeas relief, Shortt must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

> (1) [R]esulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [R]esulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 403-13 (2000). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas

relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks and citation omitted).

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)). To meet the exhaustion requirement, a petitioner "must have presented to the state court both the operative facts and the controlling legal principles." *Kasi v. Angelone*, 300 F.3d 487, 501-02 (4th Cir. 2002) (internal quotation marks and citation omitted). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker*, 220 F.3d at 288 (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)). If a state court expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the federal habeas version of that claim is also procedurally barred. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)).

Shortt's Claims A and B are exhausted, because they were presented on direct appeal and in state habeas proceedings. In Shortt's state habeas proceedings, the Tazewell County Circuit Court found Claim C procedurally defaulted under *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because Shortt could have brought the claim at trial or on direct appeal, but failed to do so. *Slayton* is an adequate and independent state law procedural ground that precludes federal habeas review from considering the merits of claims. *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998).

Shortt raised Claim D in his state habeas petition, but only as a state law issue. "AEDPA's requirements reflect a 'presumption that state courts know and follow the law.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). Also, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Generally, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Federal habeas courts do not intervene in matters of state law "unless it impugns the fundamental fairness of the trial." *Stockton v. Virginia*, 852 F.2d 740, 748 (4th Cir. 1988) (citing *Grundler v. North Carolina*, 283 F.2d 798,

-9-
Case 7:16-cv-00017-JPJ-RSB   Document 13   Filed 02/27/17   Page 9 of 14   Pageid#: 191

802 (4th Cir. 1960)). The Supreme Court has "defined the category of infractions that violate 'fundamental fairness' narrowly. Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation." *Estelle*, 502 U.S. at 73 (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)). A state court error in interpreting state law does not give rise to a federal Due Process issue unless it is "so gross, conspicuously prejudicial, or otherwise of such magnitude that it fatally infects the trial." *McCafferty v. Leapley*, 944 F.2d 445, 452 (8th Cir. 1991).

Shortt argued that he had a constitutional right to have the same judge who held the revocation hearing actually enter the order, but he cites no law, precedent, constitutional rule, or any other legal basis. Even though situations where judges do not personally fulfill the entering of an order after holding a hearing are rare, some precedent exists. For example, in *Wilson v. Hofbauer*, No. 2:06-CV-179, 2009 WL 33369, at *3 (W.D. Mich. Jan. 6, 2009), the petitioner claimed that "he was denied a fair trial when the trial judge was replaced by another judge." The district court rejected the petitioner's claim, however, stating, "[t]he [substitute] judge did nothing that required his presence at trial or make any decision that was dependent in any way on any information presented during the trial." *Id.* (citation omitted). In Shortt's case, Judge Mullins had already made the decision to revoke Shortt's probation. Once Judge Mullins retired, a substitute judge simply turned

the decision into an order. The main concerns of judicial substitution do not exist in the probation revocation context. Revocation is not an overly complex trial process where a substitute judge might make a trial seem less important to the jury, prejudice the case, or make complicated determinations based solely on a transcript. And even if the substitution of judges did implicate Shortt's constitutional rights, he cannot prove prejudice. His prior probation violations and felony guilty pleas would have revoked his suspended sentences. Therefore, the substitution of judges did not implicate Shortt's due process rights.

Further, the Supreme Court of Virginia dismissed claims C and D in Shortt's state habeas appeal because of his failure to file a timely appeal under Rule 5:17(a)(1). The Fourth Circuit has held that Rule 5:17(a)(1) is an adequate and independent state ground barring federal habeas review. *O'Dell v. Netherland*, 95 F.3d 1214, 1244 (4th Cir. 1996).

Shortt failed to file a timely petition for appeal under Rule 5:17(a)(1); therefore, his claims are procedurally barred, and he cannot show prejudice[5] or a fundamental miscarriage of justice.[6]

---

[5] Even if Shortt could show cause for failing to timely file his habeas appeal, Shortt cannot prove that a different outcome would result. Shortt violated his probation in several ways: he (1) failed drug tests, (2) quit his job without telling his probation officer, (3) left the state without notice, and (4) pleaded guilty to numerous additional felonies.

-11-
Case 7:16-cv-00017-JPJ-RSB   Document 13   Filed 02/27/17   Page 11 of 14   Pageid#: 193

## IV. Excuse for Default.

Shortt has also argued that *Martinez v. Ryan*, 566 U.S. 1 (2012), excuses his procedural defaults. To show cause for his procedural defaults, Shortt must identify "something external to the petitioner, something that cannot fairly be attributed to him [that] . . . impeded [his] efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (internal quotation marks and citation omitted). "There is no constitutional right to an attorney in state post-conviction proceedings," and as a general rule, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Id.* at 752.

However, the Supreme Court carved out a narrow exception to *Coleman* in *Martinez*. Attorney errors during an "initial-review collateral proceeding" can constitute "cause" to excuse a procedural default and permit federal habeas review if four conditions are met:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no

---

[6] First, Shortt admitted in his petition that he does not seek to prove his actual innocence. *See Schlup v. Delo*, 513 U.S. 298 (1995). Second, Shortt argued that his due process rights were violated when his probation revocation attorney did not receive notice or appear. The Supreme Court held in *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973), "there will remain certain cases . . . [that] will require that the State provide at its expense counsel for indigent probationers or parolees." Unlike *Scarpelli*, where the probationer went unrepresented, Shortt had Patterson as his counsel during the probation revocation hearing. Shortt's appointed counsels, Patterson and Cook, had previously discussed strategy, and had come to an agreement − that Patterson would represent Shortt at both hearings and present Shortt's mitigating evidence.

counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (citing *Martinez*, 132 S. Ct. at 1318-19, 1320-21)).

Shortt has faulted his state habeas and direct appeal attorney for failing to advise him regarding the proper time to file his federal habeas petition. In order for *Martinez* to apply, Shortt must have alleged ineffective assistance of counsel in his initial review proceedings. Initial-review collateral proceedings are the "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial."[7] *Martinez*, 132 S. Ct. at 1315. Therefore, the Tazewell County Circuit Court's consideration of his state habeas petition was Shortt's initial-review collateral proceeding. Shortt's alleged ineffective assistance of counsel did not occur until counsel failed to advise Shortt of the filing deadline for his federal habeas petition. Thus, since counsel's failure did not occur in Shortt's initial state habeas petition in the Tazewell County Circuit Court, *Martinez* cannot apply.

---

[7] *Martinez* "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 132 S. Ct. at 1320.

## V.

For the stated reasons, I conclude that Shortt's habeas claim is untimely filed under 28 U.S.C. § 2244(d), procedurally defaulted, and without merit. Therefore, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

DATED: February 27, 2017

/s/ James P. Jones
United States District Judge